ORIGINAL

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.** 2025-07320 **SECTION** SECTION 10 **DIVISION**

2025 JUL 28 PM 3:30 CIVIL DISTRICT COURT FILED

**DEAN PERRER AND CYNTHIA PERRER**

**VERSUS**

**UNION CARBIDE CORPORATION, ET AL.**

**FILED:** ______________________

______________________
**DEPUTY CLERK**

**PETITION FOR DAMAGES**

TO THE HONORABLE CIVIL DISTRICT COURT JUDGES FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA:

1. Made Petitioner herein is:

**DEAN PERRER**, an adult resident of the State of Louisiana, who resides at 15608 Wadesboro Road, Ponchatoula, LA 70454.

CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-407-0000

2. Made Defendants herein are:

**A. PREMISES OWNER**

1. **AMERICAN ELECTRIC POWER COMPANY, INC.** This defendant is being sued for negligence/premise/strict liability

2. **COMMONWEALTH EDISON COMPANY.** This defendant is being sued for negligence/premise/strict liability

3. **DUKE ENERGY CORPORATION** ***(f/k/a Carolina Power & Light).*** This defendant is being sued for negligence/premise/strict liability.

4. **ENTERGY LOUISIANA LLC** ***(f/k/a Entergy Louisiana, Inc., f/k/a Louisiana Power & Light Company)*** **(As The Owner Of Waterford 1 & 2).** This defendant is being sued for negligence/premise/strict liability.

5. **NEXTERA ENERGY INC.** ***(d/b/a Florida Power & Light).*** This defendant is being sued for negligence/premise/strict liability.

6. **NRG ENERGY, INC.** ***(individually and as successor-in-interest to Texas Genco, successor-in-interest to Houston Lighting & Power Co.).*** This defendant is being sued for negligence/premise/strict liability.

7. **OCCIDENTAL CHEMICAL CORPORATION** ***(f/k/a Hooker Chemicals & Plastic Corp., f/k/a Hooker Chemical Corporation).*** This defendant is being sued for negligence/premise/strict liability

8. **PSE&G INC.** This defendant is being sued for negligence/premise/strict liability.

9. **RELIANT ENERGY HL&P/ENTEX** ***(f/k/a Houston Power &Light with NRG Energy).*** This defendant is being sued for negligence/premise/strict liability.

VERIFIED 7/29/2025



EXHIBIT A

10. **SOUTHERN CALIFORNIA EDISON COMPANY.** This defendant is being sued for negligence/premise/strict liability.

11. **SOUTHERN COMPANY** ***(d/b/a Mississippi Power Company).*** This defendant is being sued for negligence/premise/strict liability.

12. **UNION CARBIDE CORPORATION.** This defendant is being sued for negligence/premise/strict liability

B. **SUPPLIER/MANUFACTURER/SELLER/CONTRACTOR DEFENDANTS**

13. **ABB, INC.** This defendant is being sued a seller/supplier/product manufacturer defendant.

14. **ANCO INSULATIONS, INC.** This defendant is being sued as a seller/supplier/contractor/manufacturer defendant.

15. **EAGLE, INC.** ***(f/k/a Eagle Asbestos & Packing Co., Inc., f/k/a Eagle Packing & Equipment Co., Inc.).*** This defendant is being sued as a seller/supplier/contractor defendant.

16. **FLOWSERVE US COMPANY** ***(f/k/a Flowserve US Inc., solely as successor to Edward Valves Inc., Rockwell Manufacturing Company, Nordstrom Valves, Inc., and McCanna Corporation).*** This Defendant is being sued as a seller/supplier/product manufacturer defendant.

17. **FOSTER WHEELER ENERGY CORPORATION.** This Defendant is being sued as a seller/supplier/product manufacturer defendant.

18. **GENERAL ELECTRIC COMPANY.** This defendant is being sued as a seller/supplier/ manufacturer defendant.

19. **GOULD ELECTRONICS INC.** This defendant is being sued as a seller/supplier/ manufacturer defendant.

20. **GOULD PUMPS (IPG), INC.** ***(f/k/a Goulds Pumps).*** This Defendant is sued as a seller/supplier/product/manufacturer defendant.

21. **GRINNELL, INC.** This Defendant is sued as a seller/supplier/product manufacturer defendant.

22. **HONEYWELL INTERNATIONAL INC.** ***(individually and as successor-by-merger to Honeywell Inc.).*** This Defendant is sued as a seller/supplier/product/manufacturer defendant.

23. **ITT CORPORATION** ***(f/k/a/ ITT Industries Inc., ITT Fluid Products Corp., Hoffman Specialty Mfg. Corp., Bell and Gossett Company, ITT Marlow, and Kennedy Valve Company).*** This Defendant is sued as a seller/supplier/product manufacturer defendant.

24. **LEVITON MANUFACTURING CO., INC.** This Defendant is sued as a seller/supplier/product manufacturer defendant.

25. **PARAMOUNT GLOBAL** ***(f/k/a ViacomCBS Inc., f/k/a CBS Corporation, f/k/a ViaCom, Inc., successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation).*** This Defendant is sued as a seller/supplier/ product manufacturer defendant.

26. **REDCO CORPORATION f/k/a CRANE CO.** This Defendant is sued as a seller/supplier/product manufacturer defendant.

27. **RILEY POWER, INC.** This Defendant is being sued as a seller/supplier/product manufacturer defendant.

28. **ROCKWELL AUTOMATION, INC., individually and as successor-in-interest to Allen-Bradley Company, LLC *(f/k/a Rockwell International Corporation)*.** This Defendant is sued as a seller/ supplier/ product manufacturer defendant.

29. **SCHNEIDER ELECTRIC USA, INC.** This Defendant is sued as a seller/supplier/product manufacturer defendant.

30. **SIEMENS INDUSTRY INC.** This Defendant is sued as a seller/supplier/product manufacturer defendant.

31. **TAYLOR-SEIDENBACH, INC.** A corporation duly organized, created, and existing under and by virtue of the laws of the State of Louisiana, with its registered office and principal place of business in New Orleans, Louisiana. This Defendant is being sued as a Seller/Supplier/Contractor/Professional Vendor/Distributor Defendant.

32. **TURNER INDUSTRIES GROUP, LLC *(f/k/a Turner Industries Holding Company, LLC., f/k/a Nichols Construction Company, LLC., f/k/a Nichols Construction Corporation)*.** This Defendant is sued as a supplier/product/manufacturer/contractor defendant.

**C. <u>INSURANCE DEFENDANTS</u>**

33. **UNITED STATES FIDELITY AND GUARANTY COMPANY** as the insurer of Eagle Inc., f/k/a Eagle Asbestos & Packing Co. Inc., and its Executive Officers Fred Schuber, Jr., and Fred Schuber, III.

34. **NATIONAL UNION** as the insurer of Eagle Inc., f/k/a Eagle Asbestos & Packing Co. Inc., and its Executive Officers Fred Schuber, Jr., and Fred Schuber, III.

35. **ZURICH INSURANCE** as the insurer of Anco Insulations Inc.

3. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because the Defendants Taylor-Seidenbach, Inc., and Eagle, Inc. are domestic corporations licensed to do business in this State and has designated Orleans Parish as its primary business office and/or primary place of business in Louisiana. Orleans is further proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(3) because the Defendant Leviton is a foreign corporation and has designated Orleans Parish as its primary business office and/or primary place of business in Louisiana.

4. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 73 because Petitioners' action against all Defendants named herein is an action for the recovery of damages for offenses and quasi-offenses, and, as such, each of the Defendants listed above are joint and solidary obligors and venue is proper against them in Orleans Parish as each of them contributed to Dean Perrer's exposure to asbestos and subsequent contraction of

mesothelioma, and therefore, each is solidarily liable to Petitioners with each of its co-Defendants, including the aforementioned Defendants whom are domiciled in Orleans Parish.

5. The damages sought by the Plaintiff, exclusive of interest and costs, exceed the minimum jurisdictional limits of the court.

**GENERAL BACKGROUND**

6. Plaintiff Dean Perrer was diagnosed with mesothelioma on or about June 3, 2025, which was caused by and a consequence of his exposure to asbestos as set forth herein. As a direct and proximate result of the delictual conduct of the defendants. Plaintiff Dean Perrer recently contracted mesothelioma and has suffered physically, financially, mentally, and emotionally.

7. Plaintiff, Dean Perrer, was occupationally exposed to injurious levels of asbestos from on or about 1963 to on or about 1964 and again from on or about 1970 to on or about the early 2000s while employed in various positions involving work with electronic instrumentation for different contractors. Through this work Mr. Perrer would be sent to the following: Union Carbide Taft, LA; Entergy Corp. (f/k/a Louisiana Power and Light) Kilona, Louisiana; Hooker Chemicals St. Charles Parish, LA; Florida Power Corp. Crystal River, Florida; Mississippi Power & Light Port Gibson, Southern California Edison, San Onofre, CA; Carolina Power & Light, New Hill, NC and Brunswick County, NC; Florida Power & Light Fort Meyers, FL; Salem Nuclear Plant Salem County, NJ; Houston Light & Power Houston Bay City, TX; Commonwealth Edison Co., Brookfield Township, IL; American Electric Power Bridgman, MI; Duke Power Oconee, SC. While at these sites, Mr. Perrer would tear out, remove, and install various instrumentations containing asbestos. While the Plaintiff used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at the facilities, dangerously high levels of asbestos fibers escaped into the ambient air of the workplace, resulting in Mr. Perrer breathing those fibers.

8. In connection with the Plaintiffs work at the site identified in Paragraph 9, from approximately on or about 1963 to on or about 1964 and again from on or about 1970 to on or about the early 2000s the Plaintiff suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied, used and/or maintained at these sites by the Defendants, including but not limited to the supplier, premise, employer, and manufacturer defendants.

9. Before and during Plaintiff's exposure periods, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, used,

supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities listed in Paragraph 7 from which the Plaintiff was exposed to asbestos-containing products, materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos".

10. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, colon cancer, and various other injuries.

11. Each of the defendants knew or should have known through industry and medical studies, the existence of which was unknown to the Plaintiff, of the health hazards inherent in the asbestos- containing products they were selling and/or using. Instead of warning the Plaintiff and the general public about these dangers, the defendants ignored or concealed such information, or condoned such concealment, in order to sell or use asbestos or asbestos-containing products to avoid litigation by those who were injured from asbestos inhalation.

12. As a direct and proximate result of having inhaled, ingested, or otherwise been exposed to asbestos as described above, Dean Perrer contracted mesothelioma. Mr. Perrer was diagnosed with mesothelioma on or about June 3, 2025. A cause of Mr. Perrer's contraction of mesothelioma was his asbestos exposure.

13. Because of the latency period between exposure to asbestos and the onset of cancer, and because of the concealment by some defendants of the causes and effects of exposure to asbestos, the Plaintiff did not know, nor could he have reasonably known that Plaintiff's injuries were caused by his asbestos exposure until recently, which occurred less than one year prior to the filing of the instant Petition for Damages. Further, Plaintiff only recently discovered his injuries, not more than one year preceding the filing of this Original Petition for Damages.

14. In connection with his own work at the aforementioned job sites in Paragraphs 7 and 9, the Plaintiff was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

15. Discovery may reveal additional asbestos exposure sources and additional tortious acts of Defendants.

16. Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of

action or recovery for any injuries caused by any exposure to asbestos dust following acts or omissions of a party committed at the direction of any officer or any person acting under that officer of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.

## NEGLIGENCE OF ALL DEFENDANTS

17. On information and belief, the Defendants identified in Paragraph 2 were responsible for providing Petitioner with warnings concerning hazardous conditions at their sites or relating to their hazardous ACMs or generally to provide a safe work environment, including, for example, the following responsibilities:

A. Inspection, approval, and supervision of these various premises for hazards and vices that may present a hazard to Petitioner;

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises and their families at home;

C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner;

D. To see that Defendants used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent Petitioner from being harmed by exposure to asbestos in the environment in which he was required to be present;

H. To make certain that Petitioner was provided a safe environment, free from excess asbestos dust inhalation, and operations free from excess asbestos dust;

I. To measure the levels of asbestos dust in the premises working environment;

J. To comply with applicable state and federal regulations for exposure to asbestos, including, for example, regulations promulgated by the Walsh-Healy Act and the Occupational Safety and Health Act;

K. To warn Petitioner of the dangers posed by the polluted atmosphere in which he was required to work including, but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

18. Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed

other duties in the manner asserted in the following paragraphs.

19. Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner was required to enter and work, which was damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that respiratory illness, such as the cancer suffered by Petitioner, could have been avoided using adequate ventilation, warnings, packaging, and safety equipment.

20. The negligence of Defendants was a substantial contributing factor in causing Petitioner's malignant mesothelioma and resulting damages to Petitioner.

**STRICT LIABILITY OF PREMISES OWNER, AND CONTRACTOR DEFENDANTS**

21. Petitioner alleges a claim for strict liability against these PREMISES OWNER, and CONTRACTOR DEFENDANTS because they failed to provide a safe place in which to work, free from the hazards of asbestos, which failure was a proximate cause of his injuries.

22. The premises from which Petitioner was exposed to asbestos were owned by or in the custody of these PREMISES OWNER, and CONTRACTOR DEFENDANTS, and were unreasonably dangerous due to the presence and use of ACMs without adequate precautions taken to minimize the risk of exposure and without adequate warning of that risk. These unreasonably dangerous conditions were a direct and proximate cause of Petitioner's injuries.

23. The ACMs that contributed to Petitioner's asbestos dust exposure were all within the care, custody, and control of these EMPLOYER, PREMISES OWNER, and CONTRACTOR DEFENDANTS.

24. These EMPLOYER, PREMISES OWNER, and CONTRACTOR DEFENDANTS failed to properly discharge their duties to Petitioner in the following particulars:

A. failure to provide a safe place to work;

B. failure to provide adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, and air monitoring;

C. failure to inform or warn of the hazards of asbestos exposure;

D. failure to provide safety equipment;

E. negligently failed to disclose, warn, or reveal critical medical and safety

information regarding asbestos hazards in general and with regard to those specific hazards at the work site;

F. failed to timely remove asbestos hazards from the workplace;

G. failed to properly supervise or monitor the work areas for compliance with safety regulations; and

H. failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

25. These specific acts of fault were a proximate cause of Petitioner's injuries.

**STRICT LIABILITY OF ACM MANUFACTURER/VENDOR/CONTRACTOR/SUPPLIER DEFENDANTS**

26. These Defendants were engaged in or materially participated in the business of manufacturing, or assisted in the manufacturing, or facilitating the manufacturing of ACMs, or representing themselves as manufacturers of ACMs, or are professional vendors of ACMs, which were expected to and did reach the Petitioner.

27. The products manufactured, distributed, supplied, sold, or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to the Petitioner, who were intended and foreseeable bystanders that were exposed to these products. These defects include, without limitation, the following:

A. the manufacture, sale, supply, and use of products that are unreasonably dangerous, or unreasonably dangerous *per se;*

B. manufacture, sale, supply, and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting a high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them;

C. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. failure to inspect their products to assure sufficiency and adequacy of warnings and safety cautions;

F. failure to test or adequately test their products for defects or hazards that they could present to the intended or foreseeable users and bystanders;

G. failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users and bystanders;

H. failure to properly design these products where the nature of the product did not require the use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. defects in the composition and construction of these products;

J. failure to recall these products manufactured, sold, and supplied;

K. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of; and

L. over-warranting the safety of these products.

**INSURANCE COVERAGE**

28. The following Defendants are insurance companies authorized to do and/or doing business in Louisiana and subject to the jurisdiction of this Honorable Court. These Defendants, on information and belief, are the liability insurers of the subject entities, and as such, are directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes:

UNITED STATES FIDELITY & GUARANTY COMPANY, as the insurer of Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc.

NATIONAL UNION as the insurer of Eagle Inc., f/k/a Eagle Asbestos & Packing Co. Inc.

ZURICH INSURANCE as the insurer of Anco Insulations Inc.

29. The Insurer Defendants, on information and belief, had in full force and effect liability insurance policies for the Defendants as identified above, against the causes of action asserted here and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, the Insurer Defendants are directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655.

**DAMAGES**

30. All the allegations of the above paragraphs are incorporated by reference herein.

31. Because of the Defendants' concurrent and indivisible fault resulting in their solidary liability, as described above, and because of the injuries to the Petitioner, she is entitled to recover for their damages as follows:

A. Past, present, and future physical pain and suffering;

B. Past, present, and future mental anguish;

C. Fear of future cancers;

D. Past, present, and future medical expenses and rehabilitation;

E. Past, present, and future disability;

F. Loss of enjoyment and quality of life; and

G. Any other losses, costs, and interest that are established at the trial or that Petitioner are legally entitled to in this matter.

WHEREFORE, Petitioner prays that all Defendants named in this Petition for Damages be cited to appear and answer as the law directs, and that, after due proceedings are had, Petitioner recover of and from the Defendants individually, jointly, and *in solido* for his damages as alleged, in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, and for such other and further relief, special and general, as law and equity may permit.

Respectfully Submitted,

MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
MATTHEW CLARK, Bar No. 31102
BENJAMIN D. RUMPH, Bar No. 37851
1100 Poydras Street Energy Centre - Suite 2000
New Orleans, Louisiana 70163
Telephone: (504) 299-1214
Facsimile: (504) 299-1215
LSlaw@landryswarr.com

***and***

JORDAN L. BOLLINGER (La. Bar. No. 35663)
Meirowitz & Wasserberg
1040 6th Avenue, Ste. 12B
New York, NY 100018
Direct: (212) 897-1988
Fax: (646) 432-6887
jbollinger@mwinjurylaw.com

**COUNSEL FOR PETITIONER**

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH A COPY OF PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES:**

1. **ABB INC.**
   Via the Louisiana Long Arm Statute
   Through its registered agent:
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

2. **AMERICAN ELECTRIC POWER COMPANY, INC.**
   Via the Louisiana Long Arm Statute
   Through its registered agent:
   CT Corporation System
   28 Liberty Street
   New York, NY 10005

3. **ANCO INSULATIONS, INC.**
   Through its registered agent

CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

4. **COMMONWEALTH EDISON COMPANY**
Via the Louisiana Long Arm Statute
Through its registered agent:
Corporate Creations Network Inc.
1320er Road
Schaumburg, IL 60173

5. **DUKE ENERGY CORPORATION *(f/k/a Carolina Power & Light)***
Via the Louisiana Long Arm Statute
Through its registered agent:
160 Mine Lake Ct Ste 200
Raleigh, NC 27615-6417

6. **EAGLE, INC. *(f/k/a Eagle Asbestos & Packing Co., Inc., f/k/a Eagle Packing & Equipment Co., Inc.)***
Through its registered agent:
Susan B. Kohn
1100 Poydras Street
30th Floor
New Orleans, LA 70163

7. **ENTERGY LOUISIANA LLC *(f/k/a Entergy Louisiana, Inc., f/k/a Louisiana Power & Light Company) (As The Owner Of Waterford 1 &2)***
Through its registered agent:
John A. Braymer
446 North Blvd
Baton Rouge, LA 70802

8. **FLOW SERVE US COMPANY *(f/k/a Flowserve US Inc., solely as successor to Edward Valves Inc., Rockwell Manufacturing Company, Nordstrom Valves, Inc., and McCanna Corporation)***
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

9. **FOSTER WHEELER ENERGY CORPORATION**
Through its registered agent:
United Agent Group, Inc.
1070-B West Causeway Approach
Mandeville, LA 70471

10. **GENERAL ELECTRIC COMPANY**
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

11. **GOULD ELECTRONICS**
Via the Louisiana Long Arm Statute

Through its registered agent:
CT Corporation System
4400 Easton Commons Way
Columbus, OH 43219

12. **GOULD PUMPS (IPG), INC.**
Through its registered agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

13. **GRINNELL, INC.**
Via the Louisiana Long Arm Statute
Through its registered agent:
Ct Corporation
28 Liberty Street, 42nd Floor
New York, NY 10005

14. **HONEYWELL INTERNATIONAL INC.** ***(individually and as successor-by-merger to Honeywell Inc.)***
Through its registered agent:
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

15. **ITT CORPORATION** ***(f/k/a/ ITT Industries Inc., ITT Fluid Products Corp., Hoffman Specialty Mfg. Corp., Bell and Gossett Company, ITT Marlow, and Kennedy Valve Company)***
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

16. **LEVITON MANUFACTURING CO., INC.**
Through its registered agent:
Corporation Service Company
450 Laurel Street
Baton Rouge, LA 70801

17. **NATIONAL UNION**
Through its registered agent:
Melissa DeKoven
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

18. **NEXTERA ENERGY, INC.** ***(d/b/a Florida Power & Light)***
Via the Louisiana Long Arm Statute
Through its registered agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

19. **NRG ENERGY, INC.** ***(individually and as successor-in-interest to Texas Genco, successor-in-interest to Houston Lighting & Power Co.)***
Through its registered agent:

CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

20. **OCCIDENTAL CHEMICAL CORPORATION (f/k/a *Hooker Chemicals & Plastic Corp.*, f/k/a *Hooker Chemical Corporation*)**
Through its registered agent:
CT Corporation Center
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

21. **PARAMOUNT GLOBAL** ***(f/k/a ViacomCBS Inc. f/k/a CBS Corporation f/k/a ViaCom, Inc., successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation)***
Via the Louisiana Long Arm Statute
Through its registered agent:
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

22. **PSE&G INC.**
Via the Louisiana Long Arm Statute
Through its registered agent:
Robert S Smith
80 Park Plaza
Newark, NJ 07101

23. **REDCO CORPORATION** ***(f/k/a Crane Co.)***
Via the Louisiana Long Arm Statute
Through its registered agent:
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

24. **RELIANT ENERGY HL&P/ENTEX** ***(f/k/a Houston Power & Light with NRG Energy)***
Via the Louisiana Long Arm Statute
Through its registered agent:
1111 Louisiana
Houston, TX 77002

25. **RILEY POWER INC.**
Through its registered agent:
CT Corporation Center
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

26. **ROCKWELL AUTOMATION, INC., individually and as successor-in-interest to Allen-Bradley Company, LLC** ***(f/k/a Rockwell International Corporation)***
Through its registered agent:
CT Corporation Center
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

27. **SCHNEIDER ELECTRIC USA, INC.**
Through its registered agent:
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

28. **SEIMENS INDUSTRY INC.**
Through its registered agent:
CT Corporation Center
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

29. **SOUTHERN CALIFORNIA EDISON COMPANY**
Via the Louisiana Long Arm Statute
Through its registered agent:
Cristina Limon
2244 Walnut Grove Ave
Rosemead, CA 91770

30. **SOUTHERN COMPANY** ***(d/b/a Mississippi Power Company)***
Via the Louisiana Long Arm Statute
Through its registered agent:
Fe Z Strickland
2992 W Beach Blvd
Gulfport, MS 39501-1805

31. **TAYLOR-SEIDENBACH, INC.**
Through its registered agent:
Hal Shepard
731 South Scott Street
New Orleans, LA 70119

32. **TURNER INDUSTRIES GROUP, LLC.**
Through its agent for service:
John H. Fenner -OR- Max Marx
8687 United Plaza Tower Drive
Baton Rouge, LA 70816

33. **UNION CARBIDE CORPORATION**
Through its registered agent:
CT Corporation Center
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

34. **UNITED STATES FIDELITY AND GUARANTY COMPANY** as the insurer of Eagle Inc., f/k/a Eagle Asbestos & Packing Co. Inc., and its Executive Officers Fred Schuber, Jr., and Fred Schuber, III.
Through its Agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

35. **ZURICH INSURANCE, as the insurer of Anco Insulations, Inc.**
Through its Agent for service of process:
Louisiana Secretary of State

8585 Archives Avenue
Baton Rouge, LA 70809